| Case No. | CV 17-4512 PA (KSx) | Date | August 16, 2017 |
|---|---|---|---|
| Title | Edward Pierce & Jeannie Hobert v. Wilmington Savings Fund Society, FSB, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The parties are ordered to show cause why they should not file a Notice of Related Case as required by Local Rule 83-1.3 indicating that this action is related to <u>Jeanie Hobert v. Wilmington Savings Fund, FSB, et al.</u>, Case No. CV 16-657 CAS (PLAx) and/or <u>Jeanie Hobert v. Wilmington Savings Fund, FSB, et al.</u>, Case No. CV 16-4205 CAS (PLAx). The parties' responses to the order to show cause shall be filed no later than August 28, 2017. The filing of a Notice of Related Case shall be deemed a sufficient response to the order to show cause.

The Court additionally notes that the Complaint filed by plaintiffs Edward Pierce & Jeannie Hobert, who are appearing pro se, alleges that this Court "has Jurisdiction because this Case is arising under Federal violations of Title 33 U.S.C. Section 931" and "jurisdiction is invoked pursuant to 18 U.S.C. Section 1341" and "42 U.S.C. Section 1983 for continuing violations of Plaintiff's inalienable rights under UCC 1-308." Despite these allegations concerning the Court's jurisdiction, the Complaint only alleges state law claims for: (1) breach of contract; (2) fraud; (3) quiet title; and (4) injunctive relief.

The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).

"Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 689, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331). "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4512 PA (KSx) | Date | August 16, 2017 |
|---|---|---|---|
| Title | Edward Pierce & Jeannie Hobert v. Wilmington Savings Fund Society, FSB, et al. | | |

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234, 92 L. Ed. 2d 650 (1986). If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." Id. at 9-10, 103 S. Ct. at 2846, 77 L. Ed. 2d 420. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Id. at 9, 103 S. Ct. at 2846, 77 L. Ed. 2d 420. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. Id. at 318, 125 S. Ct. at 2370, 162 L. Ed. 2d 257; Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 811-12, 106 S. Ct. 3229, 3233-34, 92 L. Ed. 2d 650 (1986). Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. Merrell Dow, 478 U.S. at 811-12, 106 S. Ct. at 3233-34, 92 L. Ed. 2d 650. Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

Grable & Sons, 545 U.S. at 318-19, 125 S. Ct. at 2370, 162 L. Ed. 2d 257 (alterations in original)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4512 PA (KSx) | Date | August 16, 2017 |
|---|---|---|---|
| Title | Edward Pierce & Jeannie Hobert v. Wilmington Savings Fund Society, FSB, et al. | | |

(quoting Merrell Dow, 478 U.S. at 811-12, 106 S. Ct. at 3233-34, 92 L. Ed. 2d 650).

In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996); see also id. at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Plaintiffs' references to 18 U.S.C. § 1341, 33 U.S.C. § 931, and 42 U.S.C. § 1983 do not establish this Court's subject matter jurisdiction because the Complaint does not actually allege a claim under any of these federal laws, and instead seeks relief based only on state law causes of action. Moreover, none of those federal laws provide Plaintiffs with a viable federal claim in this action. Specifically, § 1341 is a criminal, not civil, statute and does not confer a private right of action. Watkins v. Proulx, 235 Fed. Appx. 678, 679 (9th Cir. 2007); Wilcox v. First Interstate Bank, N.A., 815 F.2d 522, 533 n.1 (9th Cir. 1987); Wenzoski v. Citicorp, 480 F.Supp. 1056, 1062 (N.D. Cal. 1979). Plaintiffs may not assert liability on the basis of this statute. Haney v. Cal-W. Reconveyance Corp., No. SACV 10-1052 DOC, 2011 WL 2472244, at *2 (C.D. Cal. June 21, 2011). Therefore, § 1341 cannot serve as the basis for federal question jurisdiction. Reynolds v. Wilkerson, No. 13-CV-04855-LHK, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014) (citation omitted). Similarly, the Complaint's references to 33 U.S.C. § 931 and 42 U.S.C. § 1983 do not create viable federal claims, because no claim is actually alleged and any such claim would not be viable as a matter of law because this action does not involve the Longshore and Harbor Workers' Compensation Act for purposes of 33 U.S.C. § 931, and there is no state action as required for 42 U.S.C. § 1983.

Here, Plaintiff's Complaint alleges causes of action for breach of contract, fraud, quiet title, and injunctive relief only under state law. The Complaint's references to 18 U.S.C. § 1341, 33 U.S.C. § 931, and 42 U.S.C. § 1983 do not transform the state law causes of action into federal questions or create federal jurisdiction. The Court therefore orders Plaintiffs to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs' response to this order to show cause shall be filed by August 28, 2017. The failure to file a timely or adequate response to the order to show cause may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.