UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
|---|---|---|---|
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (In Chambers:) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND BECAUSE RES JUDICATA BARS PLAINTIFFS' CLAIMS

## I. INTRODUCTION AND BACKGROUND

On June 22, 2017, plaintiffs Edward Pierce and Jeannie Hobert filed the complaint in this suit against defendants Wilmington Savings Fund Society ("Wilmington"), Mark Turner, Mike Aleali, Tony Taylor, Michael Asatourian, and Does 1 to 10. Dkt. 4 ("Compl."). On July 14, 2017 plaintiffs' case was reassigned from Judge Marshall to Judge Anderson. Dkt. 13. On August 16, 2017, Judge Anderson ordered plaintiffs to show cause as to why they should not file a notice of related case indicating this action is related to case no. 2:16-cv-00657 and/or case no. 2:16-cv-4205, and to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. 29. On August 24, 2017, plaintiffs filed their response to the order to show cause. Dkt. 38 ("Response").

On August 15, 2017, Aleali and Asatourian filed a motion to dismiss plaintiffs' complaint, dkt. 19, and a motion to strike plaintiffs' complaint for Anti-Slapp Violations, dkt. 20. Wilmington and Turner filed a motion to dismiss plaintiffs' complaint on August 17, 2017. Dkt. 27.

The case was transferred on August 25, 2017 to this Court as a related case to case no. 2:16-cv-00657. Dkt. 37 ("Hobert's 2016 action"). In Hobert's 2016 action, Hobert filed a similar complaint against Wilmington and Statebridge Company, LLC ("Statebridge") on January 29, 2016. Dkt. 1. On June 24, 2016, this Court dismissed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

case with prejudice for Hobert's failure to file an amended complaint by the deadline stated in a prior order granting defendants' motion to dismiss. Dkt. 24.

Plaintiffs' lawsuit in the instant action stems from the non-judicial foreclosure sale of the subject property, located at 1903 W. 84th place, Los Angeles, California (the "Property"), and a subsequent eviction action. Plaintiffs allege that defendants owe plaintiffs millions of dollars because they did not respond to plaintiffs' demand letters, Additionally, they challenge defendants' authority to possess the Property.

## III.   LEGAL STANDARDS

### 1.   Subject Matter Jurisdiction

The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

"Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689 (2006) (quoting 28 U.S.C. § 1331). "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 27-28, (1983)). The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986). If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27, 28 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." Id. at 9, 10. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Id. at 9. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. Id. at 318; Merrell Dow, 478 U.S. at 811-12. Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. Merrell Dow, 478 U.S. at 811-12. Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

Grable & Sons, 545 U.S. at 318, 319 (alterations in original) (quoting Merrell Dow, 478 U.S. at 811, 812). In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' JS-6 | |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

Cir. 1996); see also id. at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

### 2. Res Judicata

Under the federal doctrine of claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 93 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 327 (9th Cir. 1995).

In order for the Court's judgment of dismissal of Hobert's 2016 federal action to have preclusive effect here, the adjudication must have (1) involved the same "claim" as this suit; (2) have reached a final judgment on the merits; and (3) have involved the same parties or their privies. Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971); Nordhorn v. Ladish Co., Inc., 9 F.3d 1402 (9th Cir. 1993). In conducting claim preclusion analysis, "[t]he fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated [in the previous action].... Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (emphasis added).

## IV. DISCUSSION

As explained in the following analysis, the Court lacks subject matter jurisdiction over the instant lawsuit. Additionally, res judicata bars the instant lawsuit.

### A. Lack of Subject Matter Jurisdiction

Plaintiffs allege that the Court "has [j]urisdiction because this [c]ase is arising under Federal violations of Title 33 U.S.C. Section 931" and "jurisdiction is invoked pursuant to 18 U.S.C. Section 1341" and "42 U.S.C. Section 1983 for continuing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

violations of Plaintiff's inalienable rights under UCC 1-308." Compl. at 3. Despite these allegations, the complaint only alleges state law claims for: (1) breach of contract; (2) fraud; (3) quiet title; and (4) injunctive relief. Plaintiffs' response to Judge Anderson's order to show cause merely repeats these allegations, and adds that jurisdiction is also proper because Wilmington is a federal bank.[1] Response at 2, 5–7.

Plaintiffs' references to 18 U.S.C. § 1341, 33 U.S.C. § 931, and 42 U.S.C. § 1983 do not establish the Court's subject matter jurisdiction because the complaint does not actually allege a claim under any of these federal laws. Instead, plaintiffs' allegations are based on state law causes of action.

Additionally, 18 U.S.C. § 1341, 33 U.S.C. § 931, and 42 U.S.C. § 1983 do not provide plaintiffs with a viable federal claim in this action. Specifically, § 1341 is a *criminal* statute that does not confer a private right of action. Watkins v. Proulx, 235 Fed. Appx. 678, 679 (9th Cir. 2007); Wilcox v. First Interstate Bank, N.A., 815 F.2d 522, 533 n.1 (9th Cir. 1987); Wenzoski v. Citicorp, 480 F.Supp. 1056, 1062 (N.D. Cal. 1979). Therefore, plaintiffs may not assert liability on the basis of this statute. Haney v. Cal-W. Reconveyance Corp., No. SACV 10-1052 DOC, 2011 WL 2472244, at *2 (C.D. Cal. June 21, 2011). Accordingly, § 1341 cannot serve as the basis for federal question jurisdiction. Reynolds v. Wilkerson, No. 13-CV-04855-LHK, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014) (citation omitted).

Similarly, plaintiffs' references to 33 U.S.C. § 931 and 42 U.S.C. § 1983 do not create viable federal claims, because no claim is actually alleged and any claim would not be viable as a matter of law because this action does not involve the Longshore and Harbor Workers' Compensation Act for purposes of 33 U.S.C. § 931, and there is no state action as required for 42 U.S.C. § 1983.

In sum, plaintiffs allege causes of action for breach of contract, fraud, quiet title, and injunctive relief under state law. Plaintiffs' references to 18 U.S.C. § 1341, 33 U.S.C. § 931, and 42 U.S.C. § 1983 do not transform the state law causes of action into federal questions or create federal jurisdiction. The Court therefore **DISMISSES** plaintiffs' claims for lack of subject matter jurisdiction.

---

[1] It is unclear whether plaintiffs contend that subject matter jurisdiction is based upon diversity of citizenship. Yet insofar as plaintiffs may allege diversity jurisdiction, for the reasons stated herein, their claims are barred by res judicata.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

## B. Res Judicata

In Hobert's 2016 related action, the Court dismissed Hobert's claims with prejudice for failure to file an amended complaint by the Court's deadline that was specified in its order granting defendants' motion to dismiss. Hobert's claims stemmed from the same underlying circumstances as the instant complaint. Hobert borrowed a $410,000 loan in 2007, which was secured by a Deed of Trust to the Property described previously. On May 15, 2015, a notice of default was recorded and foreclosure proceedings were initiated against the Property. The default remained uncured, and title was transferred to Wilmington by way of credit bid on October 2, 2015. Hobert filed a complaint against Wilmington and Statebridge and alleged claims under the Fair Credit Reporting Act and the Fair Debt Collections Practices Act, in addition to claims under state tort law. On May 24, 2016, the Court granted defendants' motion to dismiss for failure to state a claim, and on June 24, 2016 the Court dismissed the case with prejudice.

Plaintiffs filed the instant action against Wilmington and its attorneys for failure to respond to plaintiffs' "Commercial Affidavit Contracts." Compl. ¶ 8. Plaintiffs allege they are suing Wilmington in its professional capacity, Turner in his personal and professional capacity, and all other named defendants in their personal capacities because the defendants collectively failed to provide evidence that they had authority to possess the subject Property. Id. ¶ 14.

In order for Hobert's 2016 action to have preclusive effect, its adjudication must have involved the same claim as the instant action. Hobert's 2016 action challenged the foreclosure proceedings with respect to the Property, while in the instant lawsuit, plaintiffs challenge defendants' authority to possess the Property that was the subject of the very same foreclosure proceedings. Accordingly, plaintiffs' claims involve the "same nucleus of facts" and could have been brought in Hobert's 2016 action. See Tahoe-Sierra Pres. Council, 322 F.3d at 1077–78. Plaintiffs may not simply attach different legal labels to the very same foreclosure issue that was previously litigated in Hobert's 2016 action. Therefore, the Court concludes that plaintiffs' instant claims involve the same claims as Hobert's 2016 related action.

As articulated, the Court dismissed without prejudice Hobert's 2016 action after a detailed analysis of the merits of Hobert's claims. The Court analyzed Hobert's claims for violations of the Fair Credit Reporting Act and Fair Debt Collections Practices Act, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
|---|---|---|---|
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

addition to state law claims for invasion of privacy and for negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents. Based on this analysis, the Court concluded that Hobert failed to state a claim upon which relief could be granted. When Hobert failed to amend her complaint to cure its deficiencies by the Court's stated deadline, the action was dismissed with prejudice. Therefore, the Court's dismissal of Hobert's 2016 related action constituted a final judgment on the merits.

"A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (citations omitted). However, "[e]ven when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." Tahoe-Sierra Pres. Council, 322 F.3d at 1081 (citations omitted). A nonparty preclusion may be justified based on certain pre-existing substantive legal relationships, and this exception originates from the needs of property law. Taylor, 553 U.S. at 894.

In Hobert's 2016 action, Hobert named Wilmington and Statebridge as defendants. In the instant action, Hobert and Pierce name Wilmington, its CEO, and its attorneys as defendants. Pierce's relationship to Hobert and to the Property is not clear from the face of the complaint. However, Aleali and Asatourian contend in their motion to dismiss that after Wilmington obtained a judgment of possession regarding the Property in January 2016, Pierce filed a post-judgment motion for relief on May 2, 2016, claiming an ownership interest in the Property.[2] Dkt. 19 (citing Request for Judicial Notice Ex. 14, dkt. 21). Pierce and Hobert were subsequently evicted from the property. Hobert's 2016

---

[2] Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816–17 (C.D. Cal. 2004). Accordingly, the Court judicially notices Ex. 14, dkt. 21, which is a County of Los Angeles Superior Court notice of ruling on the post judgment claim of Edward J. Pierce, case no. 15U15056. This ruling notes that Pierce claimed to be the owner of the Property at issue in the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-04512-CAS(PLAx) | Date | August 30, 2017 |
| Title | EDWARD J. PIERCE ET AL. v. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | | |

action stemmed from the foreclosure regarding the Property, and similarly, the instant action also stems from this foreclosure. Hobert, as plaintiff with an ownership interest in the Property, has a sufficient commonality of interest to Pierce, who also claims an ownership interest in the Property. Pierce is, accordingly, in privity with Hobert by virtue of their common ownership interest in the Property. Therefore, Hobert's 2016 action and the instant action share the same parties and privies.

The Court finds that res judicata bars plaintiffs' instant action. The instant action is precluded by Hobert's 2016 action because both lawsuits share the same parties and claims, and the 2016 action concluded with a final judgment on the merits. Therefore, the Court **DISMISSES** plaintiffs' claims with prejudice.

## V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** plaintiffs' claims with prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |